UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREGORY O. GARMONG,<br><br>        Appellant<br><br>v.<br><br>CHAPTER 7 TRUSTEE<br><br>        Appellee.<br><br>In Re:<br><br>LINDA A. GARMONG,<br><br>        Debtor. | 3:11-CV-0357-LRH-VPC<br><br>ORDER |

Before the court is appellant Gregory O. Garmong's ("Garmong") appeal from an order of the United States Bankruptcy Court denying the Chapter 7 trustee's motion to sell limited life estate and associated findings of fact. Doc. #10.[1] Debtor Linda Garmong ("debtor") filed an opposition (Doc. #17) to which Garmong replied (Doc. #18).

I.   **Facts and Background**

On June 30, 2010, debtor filed a Chapter 7 bankruptcy petition. As part of her petition, she

---

[1] Refers to the court's docketing number.

listed a non-transferable limited life estate in property owned by appellant Garmong, her former husband. The two were divorced in 2007, pursuant to an amended divorce decree. *See* Doc. #10, Exhibit 16.

During the bankruptcy proceedings, Garmong offered to purchase the limited life estate from the Chapter 7 trustee for $2,500 and the assumption of certain property related debts. The trustee subsequently filed the appropriate motion. After a hearing, the bankruptcy court denied the motion for sale finding that the non-transferable limited life estate was not a saleable asset of the bankruptcy estate. *See* Doc. #10, Exhibit 30; Exhibit 31. Thereafter, Garmong filed the present appeal of the bankruptcy court's denial of the motion to sell limited life estate.

## II.    Legal Standard

A district court reviews a bankruptcy court's findings of fact for clear error. *In re Rucker*, 570 F.3d 1155, 1160 (9th Cir. 2009). A bankruptcy court's findings are clearly erroneous when the reviewing court "is left with a definite and firm conviction that a mistake has been committed." *In re Clark*, 262 B.R. 508, 514 (9th Cir. BAP 2001).

A district court reviews a bankruptcy court's conclusions of law de novo. *In re Doser*, 412 F.3d 1056, 1061 (9th Cir. 2005). Whether a particular interest or asset is property of the estate is a conclusion of law. *In re Mila, Inc.*, 423 B.R. 537, 542 (9th Cir. BAP 2010).

## III.    Discussion

Garmong appeals the denial of the trustee's motion to sell the limited life estate in his property. Garmong argues that the limited life estate became transferable property of the estate the moment debtor filed bankruptcy, and therefore, the trustee could sell or distribute that property in accordance with all applicable bankruptcy rules. *See* Doc. #10.

The court has reviewed the documents and pleadings on file in this matter and finds that the bankruptcy court did not err in denying the trustee's motion. In that order, the bankruptcy court found that the trustee did not have a transferable interest in the limited life estate because the

trustee inherited only that interest held by the debtor in the subject property. Thus, the trustee's interest in the property to be sold to Garmong was the same interest possessed by the debtor prior to filing bankruptcy, namely, the rights to occupy and possess the property. Because the debtor's interest was subject to express provisions outlined in the amended divorce decree, the trustee's interest was likewise so limited.[2] Therefore, the court finds that the bankruptcy court did not err in denying the motion to sell the limited life estate.

IT IS THEREFORE ORDERED that appellant's bankruptcy appeal (Doc. #1) is DENIED. The bankruptcy court's findings of fact and conclusions of law (Doc. #10, Exhibit 30) and order denying sale (Doc. #10, Exhibit 31) are AFFIRMED.

IT IS SO ORDERED.

DATED this 21st day of February, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to the amended divorce decree, the debtor could not transfer, encumber, sell or lease her limited life estate in any manner. Only Garmong, at his option, could purchase the limited life estate from debtor, without her consent, for the amount of $250,000. No other sales or transfers were allowed or contemplated with the amended divorce decree. *See* Doc. #10, Exhibit 16.

3